O

1
2
3
4
5
6
7

8          **UNITED STATES DISTRICT COURT**

9          **CENTRAL DISTRICT OF CALIFORNIA**

10

11 | DIGITECH IMAGE TECHNOLOGIES, LLC,

Case No. SACV12-01677-ODW(MRWx)

12
                        Plaintiff,

**ORDER DENYING DEFENDANT LEICA CAMERA INC.'S MOTION TO TRANSFER VENUE [14] AND EX PARTE APPLICATION TO EXTEND THE DATE OF ITS REPLY [29]**

13          v.

14 | LEICA CAMERA AG and LEICA CAMERA INC.,

15

16                      Defendants.

17

18              **I.    INTRODUCTION**

19          This motion to transfer venue stems from a patent-infringement action

20 involving United States Patent No. 6,128,415.  (ECF No. 14.)  On October 1, 2012,

21 Plaintiff Digitech Image Technologies sued Defendants Leica Camera AG ("AG") and

22 Leica Camera Inc. ("Leica") for alleged infringement of this patent.[1]  (ECF No. 1.)

23 Leica seeks to transfer the action to the District of New Jersey under 28 U.S.C. §

24 1404(a) for *forum non conveniens*.[2]  For the reasons that follow, the Court **DENIES**

25 Leica's motion.

26 / / /

27

---

[1] AG has not yet been served with the Summons and Complaint in this matter.  (Mot. 2 n.1.)

28 [2] Having considered the papers filed in support of and in opposition to this motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

## II.   FACTUAL BACKGROUND

Digitech is a California limited liability company and present assignee of the entire right, title, and interest in and to the '415 patent, titled "Device Profiles for Use in a Digital Image Processing System."  (Compl. ¶¶ 1, 6.)  Digitech's principal place of business is Newport Beach, California.  (*Id.* ¶ 1.)  AG is a foreign company whose principal place of business is in Solms, Germany.  (Mot. 3.)  Leica is a Delaware corporation whose principal place of business is in Allendale, New Jersey.  (*Id.*; Compl. ¶ 2.)

In its Complaint, Digitech alleges that Leica and AG are directly and indirectly infringing the '415 patent.  (Compl. ¶¶ 9–10.)  Digitech posits that the parties are directly infringing the '415 patent by "making, using, selling, and/or offering to sell" cameras utilizing the device profile technology throughout the United States.  (*Id.* ¶¶ 9–10.)  It also argues that Leica and AG are indirectly infringing the patent by (1) aiding and abetting resellers to sell or offer for sale these cameras; and (2) aiding and abetting customers to use these cameras.  (*Id.* ¶ 10.)

## III.   LEGAL STANDARD

Venue in federal-question cases is governed by 28 U.S.C. § 1391(b), which provides that venue is proper in any judicial district where any defendant resides if all defendants reside in the same state, or in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.  28 U.S.C. §§ 1391(b)(1), (2).  If there is no district in which the action may otherwise be brought, venue is proper in any judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced.  28 U.S.C. § 1391(a)(3).

For venue purposes, a corporation resides in any judicial district where it would be subject to personal jurisdiction.  28 U.S.C. § 1391(c).  In states such as California, which has more than one judicial district, a corporation is deemed to reside in any district within the state with which its contacts would be sufficient to subject it to personal jurisdiction if the district were a separate state.  28 U.S.C. § 1391(c).  Once a

1   defendant has raised a timely objection to venue, the plaintiff has the burden of

2   showing that venue is proper.  *Piedmont Label Co. v. Sun Garden Packing Co.*, 598

3   F.2d 491, 496 (9th Cir. 1979).

4         When determining proper venue, a court can look beyond the pleadings of the

5   claim, and does not have to take a plaintiff's factual allegations as true.  *Murphy v.*

6   *Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2003).  But when the facts are

7   disputed, the trial court must draw all reasonable inferences and resolve all factual

8   conflicts in favor of the non-moving party.  *Id.* at 1138.

9         And finally, for a motion to transfer under 28 U.S.C. § 1404(a) for *forum non*

10  *conveniens*, courts have broad discretion to adjudicate "according to an individualized,

11  case-by-case consideration of convenience and fairness" for the parties and the

12  witnesses involved.  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir.

13  2000).  Specifically, a court can consider the following factors:

14        (1) the location where the relevant agreements were negotiated and

15        executed, (2) the state that is most familiar with the governing law, (3)

16        the plaintiff's choice of forum, (4) the respective parties' contacts with

17        the  forum, (5) the contacts relating to the plaintiff's cause of action in

18        the chosen forum, (6) the differences in the costs of litigation in the two

19        forums, (7) the availability of compulsory process to compel attendance

20        of unwilling non-party witnesses, . . . (8) the ease of access to sources of

21        proof, . . . [(9)] the presence of a forum selection clause[,] . . .  [and (10)]

22        the relevant public policy of the forum state.  *Id.* at 498–99.

23                              **IV.    DISCUSSION**

24        Both Leica and Digitech provide the Court with many reasons for and against

25  transfer, but the Court only focuses on the most relevant reasons here.  Leica contends

26  following factors weigh in favor of transfer of this action to the District of New

27  Jersey: the convenience of the Defendants, who are headquartered in New Jersey and

28  Germany; the convenience of the witnesses, including Leica's New Jersey employees

1 and the Massachusetts-based inventors of the '415 patent; and the ease of access to

2 evidence in the form of Leica's physical and electronic records.  (Mot. 3–5.)  Leica

3 also argues that Digitech's choice of forum and parallel litigation in this Court are

4 insufficient to keep the present action in the Central District of California.  (*Id.* 6–7.)

5       On the other hand, Digitech opposes the transfer and asserts that Digitech's

6 choice of venue should be given deference; the convenience of the parties and the

7 witnesses are neutral factors; the access to evidence is also a neutral factor; the

8 differences in time to trial between the Central District of California and the District

9 of New Jersey would result in a lengthier and more expensive trial for Digitech; and

10 the parallel litigation in this Court weighs in favor of keeping the case here.  (Opp'n

11 6–17.)  The Court addresses each of these issues in turn.

12 **A.  Plaintiff's Choice of Forum**

13       A plaintiff's choice of forum should be given substantial weight, and this

14 weight is reduced only if the plaintiff does not reside in that district.  *Williams v.*

15 *Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001).  Digitech is a resident of

16 California with no contacts in New Jersey since its sole offices and only employees

17 are in Newport Beach.  (Opp'n 3, 9.)  This factor thus weighs in Digitech's favor.

18 **B.  Convenience of Parties and Witnesses**

19       While a plaintiff's choice of forum is generally accorded deference, the most

20 important factor in this transfer analysis is the convenience of parties and witnesses.

21 *See In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009).  In patent cases, the

22 bulk of discovery comes from the "center of gravity of the accused activity," and the

23 case should be litigated as close as possible to this center.  *See Amazon.com v.*

24 *Cendant Corp.*, 404 F. Supp. 2d 1256, 1260 (W.D. Wash. 2005).  For Leica, this

25 center of gravity is New Jersey since most of its employees are located there.

26 (Tomaselli Decl. ¶ 6.)  AG's center of gravity is Germany; therefore, Leica argues that

27 New Jersey would be more convenient than California for any AG employees that

28 may be called to testify.  (*Id.* ¶ 10; Mot. 4.)  Courts, however, have noted that it is only

1   slightly more convenient for European witnesses to testify in one part of the United

2   States as opposed to another.  *In re Genentech*, 566 F.3d at 1344.  Since AG will have

3   to travel a great distance regardless of whether it has to appear in the District of New

4   Jersey or in the Central District of California, the Court is not convinced that New

5   Jersey is a more appropriate forum.  Furthermore, it is clear that Leica and AG are

6   larger businesses than Digitech and have the means to travel to California.  (Mot. 10–

7   11.)  Since convenience is also influenced by the relative size of the parties'

8   businesses and whether they can afford to travel, this factor weighs slightly in favor of

9   Digitech.  *See, e.g.*, *Hernandez v. Grabel Van Lines*, 761 F. Supp. 983, 989 (E.D.N.Y.

10  1991) ("Where a disparity between the parties exists, such as an individual plaintiff

11  suing a large corporation, the court may also consider the relative means of the parties

12  in determining whether to transfer.").

13  **C.  Access to Proof**

14      Access to proof is also in favor of keeping the case in California or is, at the

15  very least, neutral.  All of Digitech's documents are in Newport Beach.  (Wong Decl.

16  ¶ 2.)  While Leica's and AG's documents are in New Jersey and Germany,

17  respectively, these can be transported to California in an electronic format.  (Opp'n

18  13.)  Even though transporting Digitech's documents digitally to New Jersey is also

19  possible, keeping the case in the Central District of California would not tax any of the

20  parties.

21  **D.  Differences in Litigation Costs**

22      The median time from filing to trial in the Central District of California versus

23  the District of New Jersey weighs in favor of Digitech's home forum.  In the Central

24  District of California, the median time is 19.7 months, but in the District of New

25  Jersey, it is 43.6 months.  (Opp'n Ex. 2, 3.)  Accordingly, transferring this case to

26  New Jersey may result in protracted litigation that consequently burdens Digitech.

27  / / /

28  / / /

**E.  Parallel Litigation**

Finally, the parallel litigation pending in this Court favors the Central District of California over the District of New Jersey.  Digitech has filed 24 patent infringement suits relating to the same '415 patent in this Court, and keeping the present action here will save pre-trial judicial resources.  This is especially true since this Court has already stated that all these cases may be consolidated for discovery even though they cannot be consolidated for trial.  *Digitech Image Techs., LLC v. Agfaphoto Holding GmbH*, No. 8:12-cv-1153-ODW(MRWx), 2012 WL 4513805, at *5 n.7 (C.D. Cal. Oct. 1, 2012) ("The severed cases are sufficiently related that they should all be before the same judge for case management and judicial efficiency purposes, but they are not sufficiently related for joinder under 35 U.S.C. § 299.").

## V.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Leica's motion.  Leica's pending unopposed ex parte application to extend the date of its reply is therefore **DENIED AS MOOT**.

**IT IS SO ORDERED.**

December 5, 2012

_____
    **OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**